# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. JOSEPH GRIFFIN-COOKE, Defendant. | Case No. CR13-0090 ORDER FOR PRETRIAL DETENTION |

On the 21st day of January, 2014, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney C.J. Williams. The Defendant appeared personally and was represented by his attorney, Max S. Wolson.

## I. RELEVANT FACTS AND PROCEEDINGS

On November 20, 2013, Defendant Joseph Griffin-Cooke was charged by Indictment (docket number 2) with being a felon in possession of a firearm and ammunition. At the arraignment on January 8, 2014, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on March 10, 2014.

Cedar Rapids Police Officer John O'Brien, who is currently assigned to an FBI task force, testified regarding the events of October 2, 2013.[1] At approximately 3:45 a.m., police officers observed Defendant driving and then parking a motor vehicle. Defendant did not exit the vehicle, however, and switched to the passenger seat. Their suspicions

---

[1] The indictment charges the Defendant with unlawfully possessing a firearm on August 7, 2013. At the time of hearing, Mr. Williams confirmed that the date contained in the indictment is a mistake, and it is alleged that the offense occurred on October 2, 2013.

having been aroused, officers then approached the vehicle on foot. Defendant advised the officers that he was unable to roll down the window because there was no key in the ignition. Accordingly, he opened the car door slightly to converse with the officers.

Believing that Defendant may be involved in drug activity, officers called for a K-9 unit and instructed Defendant to exit the vehicle. Instead, Defendant repeatedly reached under the seat after being instructed not to do so. When Defendant attempted to reach for the center console of the vehicle, he was he restrained by officers and removed from the vehicle. A search incident to arrest found a handgun, a small amount of marijuana, and cash in the center console. The handgun was later determined to be stolen. The keys to the vehicle were found on the floor. The car belonged to Defendant's female friend, who denied any knowledge of the handgun.

According to the pretrial services report, Defendant is 29 years old. He was born in Illinois, but told the pretrial services officer that he has lived in Cedar Rapids for the past 14 years. His family members live in Indiana or Illinois, although he has not had contact with them for several years. Defendant is single and has never been married, but has two daughters, ages 9 and 4. His children live with their respective mothers in Cedar Rapids and Des Moines.

According to Defendant, he has worked through temporary staffing agencies for the past six years. Prior to being taken into custody in November 2013, Defendant had worked for six months at LeanCor in North Liberty, Iowa. Defendant is in good physical health and denies any history of mental health issues. Defendant's former girlfriend reported to the pretrial services officer, however, that Defendant has "anger problems" and was verbally and physically abusive toward her throughout their relationship. Defendant reported no history of alcohol abuse and denied any history of using controlled substances. Defendant tested positive for marijuana in 2008, however, and his former girlfriend reported that she knew Defendant to be an occasional user of marijuana.

Defendant has an extensive prior criminal record. In 2003, Defendant was arrested three separate times for trespass and on a fourth occasion was charged with assault causing bodily injury. Defendant failed to appear on separate dates in each of the trespass cases and was arrested three separate times. In 2004, Defendant was arrested and later convicted of disorderly conduct. In 2006, Defendant was arrested and later convicted of driving while barred and theft in the 5th degree.

In 2007, Defendant was arrested and later convicted twice for driving while barred, assault, a felony drug offense, and criminal mischief in the third degree. Defendant initially received a deferred judgment on the felony drug charge, but in 2011 the deferred judgment was revoked and he was given a 10-year suspended prison term. He was discharged from probation on October 12, 2012.

In 2009, while still on probation, Defendant was arrested for driving while barred, criminal mischief in the 5th degree, criminal mischief in the 2nd degree, interference with official acts, driving while barred, and assault. The two criminal mischief charges were dismissed, and Defendant was convicted on the remaining charges.

In 2010, while still on probation, Defendant was convicted of assault causing bodily injury, assault, and interference with official acts. According to the pretrial services report, Defendant struck the female victim in the face twice with a closed fist, causing injury to her mouth. When officers attempted to place Defendant in custody, he refused to place his hands behind his back, ran to the back of the residence, and locked himself in a bathroom. Defendant was also convicted twice in 2010 for driving while barred.

In 2011, Defendant was charged and later convicted of driving while barred and possession of a controlled substance. According to the pretrial services report, when officers attempted to stop Defendant's vehicle, he did not pull over immediately and when he did, he was seen switching seats with an individual in the passenger seat of the vehicle. When officers were patting Defendant down, he attempted to avoid arrest by attempting

to reenter his vehicle. Defendant failed to appear for arraignment and a warrant was issued for his arrest. He was arrested two days later.

Approximately one month later, Defendant was charged and later convicted of driving while barred and eluding. On that occasion, Defendant failed to stop and led officers on a low speed pursuit for approximately 1.5 miles. When Defendant did stop, he left the vehicle and attempted to flee from officers on foot. The Defendant continued to disobey orders to stop and a taser was used to gain his compliance.

In 2012, Defendant was charged and later convicted of harassment in the 3rd degree. In 2013, Defendant was charged and later convicted of driving while barred.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f).

4

The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger

to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with being a felon in possession of a firearm and ammunition. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to 18 U.S.C. § 3142(f)(1)(E).

Regarding the second step, Officer O'Brien testified that Defendant was uncooperative when approached by officers at 3:45 a.m. Despite the officers' repeated instructions, Defendant continued to reach under the seat and attempted to open the center console of the vehicle, which was later determined to hold a handgun. As described above, Defendant has a history of refusing to follow officers' instructions or otherwise attempting to avoid arrest. Defendant has numerous convictions, including multiple convictions for assault. Defendant has failed to appear for court proceedings on four separate dates. The majority of Defendant's offenses occurred while he was on probation or had other charges pending. The Court has no confidence that Defendant will follow any terms or conditions which the Court may impose for his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from Defendant's oral request for detention hearing (January 17, 2014) to the filing of this Ruling (January 21, 2014) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 21st day of January, 2014.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA